Herbert KNEBEL et al., Appellants,

v.

The CAPITAL NATIONAL BANK OF
AUSTIN, Appellee.

No. 12083.

Court of Civil Appeals of Texas,
Austin.

May 21, 1975.

Rehearing Denied June 11, 1975.

Byron Lockhart, Charles G. Trenck-mann, Austin, for appellants.

Louis Scott Wilkerson, Sneed, Vine, Wilkerson, Selman & Perry, James P. Hart, Hart, Keahey & Hart, Austin, for appellee.

## ON MOTION FOR REHEARING

PHILLIPS, Chief Justice.

On motion for rehearing we withdraw our original opinion and substitute the following.

The facts of this case are set out in detail in this Court's opinion in Herbert Knebel, et al. v. The Capital National Bank of Austin, 505 S.W.2d 628. Our judgment was affirmed in part and in part reversed, and the cause was remanded to this Court by the Supreme Court (518 S.W.2d 795).

Remand was on the sole question of attorneys' fees. The attorneys-petitioners in the Supreme Court who prevailed on this issue have maintained from the inception of this suit that they are entitled to attorneys' fees under the "common fund" doctrine. The trial court held that whatever right to attorneys' fees. they might have had was based on contract, under which theory the court rendered judgment denying recovery. We affirmed this judgment.

The Supreme Court held that the "common fund" doctrine is the proper rule in this case for recovery of attorneys' fees, provided the attorneys-petitioners are able to show that the Knebel estate derived a pecuniary benefit by reason of their efforts.

The Court held that: "It is not shown as a matter of law either that the successful litigation sponsored by Herbert Knebel, et al., will substantially benefit the Knebel

estate and its other beneficiaries, or will be detrimental to the estate and to them . . ."

The Supreme Court also held that: "Since . . . [this Court] did not consider the question of benefit to the estate, and hence did not determine whether the implied finding of the trial court in the negative is against the great weight and preponderance of the evidence, the case will be remanded . . . for determination of this question . . ."

Because the issue of attorneys' fees was tried under a contract theory and not under the "common fund" theory, and inasmuch as the Supreme Court makes clear that there is competent evidence on both sides of the issue of "benefit to the estate," it is our opinion that, at this stage of the proceedings, there is insufficient evidence[1] on which the required findings, either pro or con, can be made. Consequently, we hold that the implied finding of the trial court in the negative was in error and that in the interest of justice the case should be remanded for trial on the issue of possible benefit to the Knebel estate, and if benefit is found to have resulted from efforts of the attorneys, the amounts and pro rata shares of the attorneys' fees should be determined by the trial court. Rule 434, Texas Rules of Civil Procedure.

Judgment of the trial court is reversed, and the cause is remanded for new trial.

Motion for rehearing is overruled.

Reversed and Remanded.

SHANNON, J., not participating.

1. Factual sufficiency points encompass both "insufficient evidence" and "great weight points." 4 McDonald, Texas Civil Practice in District and County Courts, § 18.14 (1971).